**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Lublin Corp., t/a Century 21 Advantage Gold, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-206C |
| | ) | (Judge Allegra) |
| v. | ) | |
| | ) | |
| The United States, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court to dismiss the complaint in the above-captioned matter for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. On March 29, 2007, plaintiff Lublin Corp., t/a Century 21 Advantage Gold ("Lublin" or "Advantage Gold") filed a Complaint in this Court seeking damages resulting from an alleged breach of fiduciary and confidentiality duties, obligations plaintiff views as tantamount to an implied contract. See Pl. Compl. at ¶¶ 21-35. As discussed in more detail below, plaintiff's Complaint must be dismissed on jurisdictional grounds because it seeks relief only for an alleged tort. To the extent, however, that this Court believes that it has jurisdiction due to the Complaint's usage of the term "implied contract," plaintiff nonetheless has failed to state a claim upon which relief can be granted.

## I. FACTUAL BACKGROUND

According to Lublin's Complaint, the United States, acting through the Department of Housing and Urban Development ("HUD"), entered into a prime contract with Hooks Van Holm ("HVH"). See Pl. Compl. at ¶ 5. Under that prime contract, HVH agreed to provide HUD with

various management, marketing, and sales services related to HUD-owned single family properties in the Commonwealth of Pennsylvania. Id. On or about September 13, 2004, HVH awarded a subcontract to Lublin to provide listing broker services "[i]n order [for HVH] to perform the obligations under its contract with HUD." Id. at ¶ 7; see also id. at Exhibit A.

On March 30, 2005, HUD asked Lublin representatives "to participate in a confidential Quality Management Review (QMR) program in HUD's Philadelphia office." Id. at ¶ 15. The purpose of the QMR allegedly "was to obtain information about the practices of and procedures of HVH in implementing HUD's Property Disposition Program." Id. at ¶ 16. As a result, Lublin avers that it was "reluctant to participate in the QMR" or to discuss "any matters involving HVH" due to possible "repercussions or reprisals by HVH should Advantage Gold provide information that did not reflect favorably on HVH." Id. at ¶¶ 16-17.

Lublin further alleges that HUD employees "specifically assured" plaintiff "that all information provided to HUD in the QMR process would be kept strictly confidential" and that "HUD would make certain that here were no repercussions or reprisals by HVH against Advantage Gold." Id. at ¶ 18. According to plaintiff, its representatives "did participate in the QMR and did provide HUD employees with a candid, honest and forthright assessment of HVH's performance" but only "[a]fter receiving . . . assurances from HUD employees" about the confidentiality of the QMR process. Id. at ¶ 19. Approximately two hours after plaintiff's meeting with HUD, HVH terminated its subcontract with Lublin. Id. at ¶ 20.

Plaintiff's Complaint contains only a single count, captioned "Breach of Fiduciary Duty – Implied Contract." Plaintiff therein alleges that it was damaged when, "within hours after the QMR ended, HUD representatives contacted HVH representatives and breached HUD's duty of

confidentiality to Advantage Gold by disclosing to HVH all of the information HUD learned from Advantage Gold in the QMR." Id. at ¶ 23. In particular, Lublin complains that HUD is responsible for HVH's termination of its subcontract with Lublin. Id. at ¶ 24.

## II. ARGUMENT

Plaintiff "bears the burden" of demonstrating that the Court has subject matter jurisdiction to consider the Complaint. Goel v. United States, 62 Fed. Cl. 804, 806 (2004). However, even construing all the facts in Lublin's Complaint in a light most favorable to plaintiff, see id., its sole cause of action in this case is a tort claim not within this Court's jurisdiction and, accordingly, must be dismissed. Alternatively, even if plaintiff's claim is construed to assert an "implied contract," it still should be dismissed because it fails to state a claim upon which relief can be granted.

### A. This Court Does Not Have Jurisdiction Over Claims "Sounding in Tort"

It is well-established that the United States Court of Federal Claims is a court of limited jurisdiction, see Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984), the scope of which depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. See, e.g., United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied, see id., and any grant of jurisdiction to this Court must be construed strictly before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Construction Co. v. United States, 700 F.2d 1379,

1387 (Fed. Cir. 1983) ("[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress").

Under the Tucker Act, an action for money damages may be maintained in the United States Court of Federal Claims only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); see also Testan, 424 U.S. at 397. It is thus "clear that, to the extent [a plaintiff's] claim 'sounds in tort,' the government has not waived its sovereign immunity in the Claims Court and that court does not have jurisdiction to hear the claim." Jentoft v. United States, 450 F.3d 1342, 1349-50 (Fed. Cir. 2006).

**B. Plaintiff's Complaint "Sounds in Tort" and Thus Should Be Dismissed**

Plaintiff variously alleges that HUD breached both a "duty of confidentiality" (see Pl. Compl. at ¶ 23) and a "fiduciary duty to Advantage Gold, arising from the confidential relationship it established with Advantage Gold, when [HUD] shared with representatives of HVH, information that HUD received from Advantage Gold in confidence." Pl. Compl. at ¶ 31; see also id. at ¶ 35 (alleging that "the breach of fiduciary duty and confidentiality by HUD has caused [plaintiff] a great financial loss and detriment"). This Court consistently has held that such causes of action "sound in tort" and, accordingly, are outside this Court's jurisdiction. See American Insurance Co. v. United States, 62 Fed. Cl. 151, 158-59 (2004) (Allegra, J.) (citing Federal Circuit and Court of Federal Claims cases for the proposition that "general breaches of

claimed fiduciary or equitable duties are ordinarily viewed as giving rise, if anything, to torts, the subject matter of which plainly is outside this court's jurisdiction"); see also Hammitt v. United States, 64 Fed. Cl. 547, 549 (2005) (holding that breach of fiduciary claim "sounds in tort").

Indeed, the Complaint at issue here presents allegations remarkably similar to those dismissed by this Court in Goel v. United States, 62 Fed. Cl. 804 (2004), for lack of jurisdiction. In Goel, the plaintiff filed suit "in response to what he viewed as a violation of a confidentiality agreement between him and the federal government after he informed government agencies of misconduct by his employer." Id. at 805. In particular, the plaintiff in that case claimed "that the government . . . breached its fiduciary duty to him by revealing his identity." Id. at 806. This Court dismissed his claim, explaining that "[d]isclosure of confidential information is a common example of a breach of fiduciary duty dependent upon tort principles." Id. (citing Restatement (Second) of Torts § 874 note (1979)).

Although plaintiff Lublin twice mentions a "breach of implied contract" – see Pl. Compl. at ¶ 25, 32 – plaintiff's talismanic invocation of an "implied contract" cannot save its Complaint from the fate met by the almost identical cause of action in Goel. See, e.g., United States v. Neustadt, 366 U.S. 696, 706 (1960) ("the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs, is . . . the traditional and commonly understood legal definition of the tort of negligent misrepresentation"); Aetna Casualty and Surety Co. v. United States, 655 F.2d 1047, 1059-60 (Ct. Cl. 1981) (discussing Neustadt); Somali Development Bank v. United States, 508 F.2d 817, 820-21 (Ct. Cl. 1974) (concluding "that despite plaintiffs' allegations to the contrary,

their cause of action sounds, in substance and in reality, in tort – a claim which is not within the court's jurisdiction"); Fort Sill Gardens, Inc. v. United States, 355 F.2d 636, 638 (Ct. Cl. 1956) ("The claim before the court is in substance a tort claim, and only incidentally a contract claim.").

Finally, "[t]o the extent that breaches of the claimed duties could be viewed as violation of an implied-in-law contract, jurisdiction in this court is also lacking." American Ins. Co., 62 Fed. Cl. at 158-59. In that regard, plaintiff Lublin tellingly fails to allege the existence of an implied-in-fact contract, but rather only posits that a "breach of confidentiality is a breach of implied contract under the applicable law." See Pl. Compl. at ¶ 25 (emphasis added). That allegation is no more than an ipse dixit legal conclusion and is an erroneous one at that.[1] Accordingly, plaintiff Lublin's Complaint should be dismissed for lack of jurisdiction pursuant to RCFC 12(b)(1).

**C. In the Alternative, Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted**

In the alternative, assuming arguendo that this Court has jurisdiction over the Complaint in this case due to the bare mention of an "implied contract," plaintiff's Complaint nonetheless

[1] See Alan B. Vickery, Breach of Confidence: An Emerging Tort, 82 Colum. L. Rev. 1426, 1444-45 ("The duty present in a confidential relationship and the injury suffered when that duty is violated are characteristic of the duties and injuries associated with tort law and are foreign to contract law."); see also id. at 1451 "(First, the duty of confidentiality, where it exists, generally arises out of broadly applicable societal norms and public policy concerning the kind of relationship at issue. It does not arise out of specific agreement or particularized circumstances. Moreover, the object of the law when this duty is violated is compensation for the resulting injuries, not fulfillment of expectation. Therefore, liability should be grounded in tort law.").

should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim. Again, as explained above, we note that plaintiff does not allege the formation of an implied-in-fact contract, but rather conclusorily avers that a "breach of confidentiality is a breach of implied contract." See Pl. Compl. at ¶ 25 (emphasis added). Neither that mere legal conclusion, nor the facts pled by plaintiff in its Complaint are sufficient to withstand dismissal under RCFC 12(b)(6).

It is axiomatic that "'[a] well pleaded allegation of an express, or implied-in-fact, contract necessarily includes allegations going to each of the requisite elements of a contract'" and that "[t]he requirements for a binding contract are identical for both express and implied contracts." De Archibold v. United States, 57 Fed. Cl. 29, 32 (2003) (quoting McAfee v. United States, 46 Fed. Cl. 428, 432 (2000), and citing Trauma Serv. Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997)). Accordingly, to survive a 12(b)(6) motion to dismiss, plaintiffs must allege "'a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States.'" 57 Fed. Cl. at 32 (quoting Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir. 1997)). The "offer and acceptance" must be "unambiguous." Goel, 62 Fed. Cl. at 808 (citing La Van v. United States, 382 F.3d 1340, 1346 (Fed. Cir. 2004)).

As was the case in De Archibold, the Complaint here does "not set forth facts . . . that [if accepted as true] establish the four required elements of a contract claim." 57 Fed. Cl. at 32. In this case, plaintiff Lublin alleges no facts that, even viewed in a favorable light, remotely suggest an unambiguous "mutual intent to contract." Indeed, Lublin mentions neither an offer nor an acceptance, unambiguous or otherwise; nor does Lublin assert that any putative HUD agents were authorized to contract. Thus, like the plaintiff's claims in Goel, Lublin's Complaint must

be dismissed. See 62 Fed. Cl. at 808 ("Mr. Goel alleges no facts to show an unambiguous offer and acceptance of protection" and "has not endeavored to allege or show that the governmental officials with whom he communicated had authority to bind the government."); see also McAfee, 46 Fed. Cl. at 434-38 ("Conclusory allegations [of law] unsupported by any factual assertions will not withstand a motion to dismiss. . . . Plaintiff's cannot prove the existence of a contract when plaintiffs have not alleged facts showing authority for the contract was ever given.").

## III. CONCLUSION

For all of the above reasons, we respectfully urge this Court to dismiss plaintiff Lublin's Complaint in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick by s/ B. Snee
MARK A. MELNICK
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

April 19, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 19th day of April 2007, I caused to be filed electronically the foregoing MOTION TO DISMISS with the United States Court of Federal Claims. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON