**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Lublin Corp., t/a Century 21 Advantage Gold,<br><br>Plaintiff,<br><br>v.<br><br>The United States,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-206C<br>(Judge Allegra) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**<u>FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM</u>**

On April 19, 2007, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, moved this Court to dismiss the complaint in the above-captioned matter for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. On May 21, 2007, plaintiff Lublin Corp., t/a Century 21 Advantage Gold ("Lublin" or "Advantage Gold") filed its Answer to Defendant's Motion to Dismiss ("Opposition" or "Pl. Opp."). Not only does plaintiff's Opposition ignore virtually every case discussed in the Government's motion to dismiss, plaintiff's brief also misstates the law in several crucial respects. Because plaintiff's complaint "sounds in tort" and fails to state a claim upon which relief can be granted, it should be dismissed.

**I. <u>Plaintiff Fails to Demonstrate that Its Claim Is Within this Court's Jurisdiction</u>**

Lublin concedes, as it must, that it "bears the burden of establishing the Court's subject matter jurisdiction over the claim." Pl. Opp. at 4 (citing cases). Lublin thus argues that its "claims in this matter arise from the agreement it made with government representatives." <u>Id.</u> at 7. In so doing, Lublin contends that "Pennsylvania law should be applied to determine whether the cause of action pled . . . 'sounds in tort' or 'sounds in contract[,]'" <u>see</u> <u>id.</u> at 6, and that such

cases show that Lublin's complaint "sounds in contract."

Lublin's first contention is refuted by the legion of cases affirming "the basic principle that 'the obligations to and rights of the United States under its contracts are governed exclusively by federal law.'" Sam Gray Enterprises, 43 Fed. Cl. 596, 601-02 (1999) (Allegra, J.) (quoting Boyle v. United Technologies Corp., 487 U.S. 500, 504 (1988), and explaining that "this court will look to Federal law in resolving whether the officials in question had the requisite authority to bind the United States"); see also Green Hospital v. United States, 23 Cl. Ct. 393, 405 (1991) (citing cases and rejecting plaintiff's attempt to establish an implied-in-fact contract based on California law).

In any event, Lublin apparently agrees, see Pl. Opp. at 5-7, with the Government about the governing principle here: "The fact that plaintiff[] do[es] not label [its] claim as one sounding in tort is irrelevant. This court is not bound by labels selected by the parties to characterize their action." Adams v. United States, 20 Cl. Ct. 132, 135-36 (1990) (holding that the "gravamen of plaintiffs' complaint" states a cause of action "that sounds in tort" and dismissing complaint for lack of subject matter jurisdiction). In that regard, Lublin's Opposition fails to confront, or even to attempt to distinguish, any of the authorities the Government discussed in its motion to dismiss, see Def. Mot. at 4-6.

Indeed, Lublin itself recognizes that its claim in this case "sounds in tort," having filed its complaint originally in district court under the Federal Tort Claims Act ("FTCA"). See Lublin Corp. v. United States, 2006 WL 1117876, *1 (E.D. Pa. April 26, 2006). The complaint in that case appears to be virtually identical to the one Lublin filed in the instant action. See id. at *1-2 (explaining that Lublin "alleges tortious conduct, and specifically breach of fiduciary duty,

against HUD"). Lublin was unable to proceed in that forum, however, because the district court granted, without prejudice, the Government's motion to dismiss, holding that "Advantage Gold did not present HUD with a proper notice of claim" and therefore failed to comply "with the jurisdictional requirements of the FTCA relating to the presentation of a claim to a federal agency." Id. at *6.

Rather than curing the jurisdictional deficiencies of its district court tort claim, however, Lublin elected to recast its cause of action as a contract case and to file a complaint here, possibly seeking to avoid yet another jurisdictional bar under the FTCA: misrepresentation and reliance claims are "non-compensable exceptions to the Federal Tort Claims Act." Adams, 20 Cl. Ct. at 135.[1] Notably, this Court rejected a similar move attempted by the Adams plaintiffs.

In Adams, this Court noted that the plaintiffs in that case previously had filed suit under the FTCA in district court. See 20 Cl. Ct. at 135-36 (discussing Frigard v. United States, 862 F.2d 201 (9th Cir. 1988)). The Ninth Circuit subsequently affirmed the district court's dismissal of those tort claims under the FTCA's aforementioned misrepresentation exception. Id. Although this Court acknowledged the Ninth Circuit's suggestion that plaintiffs might be able to "'reframe their claims to exclude the misinformation and reliance elements, and thereby avoid the bar of the misrepresentation exception,'" this Court also noted that the "Ninth Circuit characterized plaintiffs' complaint as a tort action." Id. (quoting Frigard, 862 F.2d at 203). Ultimately, this Court rejected the Adams plaintiffs' attempt to shoehorn their tort complaint into a takings claim framework under the Tucker Act: "Plaintiff's characterization of [the

[1] See also United States v. Neustadt, 366 U.S. 696, 705-711 (1961) ("[R]espondents' claim is one 'arising out of...misrepresentation,' within the meaning of [28 U.S.C. §] 2680(h), and hence is not actionable against the Government under the Tort Claims Act").

government's] careless performance as a taking under the fifth amendment does not otherwise give this court jurisdiction." 20 Cl. Ct. at 135-36. Similarly, the Court should not permit Lublin to remanufacture its tort claim into a contract claim under the Tucker Act .[2]

Moreover, Lublin all but concedes that it is asserting, at best, an implied-in-law contract claim. For example, Lublin asserts that its "representatives were reluctant to share any information . . . until they received an absolute assurance from HUD representatives that all information provided . . . would be kept in the strictest of confidence . . . [and that] [i]n reliance upon this promise[,] Lublin provides [sic] HUD with the information it sought." Pl. Opp. at 5 (emphasis added); see also id. at 2-3 ("After receiving these assurances from HUD employees, representatives did participate in the QMR . . . ."). This is precisely the type of detrimental reliance or promissory estoppel claim over which this Court does not possess jurisdiction. See Craig-Buff Ltd. Partnership v. United States, 69 Fed. Cl. 382, 388-89 (2006) (holding that this Court lacks "'jurisdiction over claims for promissory estoppel, as it requires the finding of a contract implied-in-law against the Government, for which there has been no waiver of sovereign immunity'" (internal citations omitted)).[3]

---

[2] See Lion Raisins, Inc. v. United States, 54 Fed. Cl. 427, 434-35 (2002) ("Notwithstanding plaintiff's characterization of its first cause of action as a breach of implied-in-fact contact and its second cause of action as a suit under a money-mandating law or, alternatively, as suit for refund of illegal exaction, both counts of the complaint actually sound in tort."); see also id. at 435 n.8 (discussing plaintiff's claim in district court under the FTCA).

[3] Indeed, in Craig-Buff, the Court observed that "plaintiff's claim, if any, sounds in tort and may be covered by the Federal Torts Claims Act[,]" but also noted that "[t]his Act, however, bars claims for 'misrepresentation.'" 69 Fed. Cl. at 389 (citing 28 U.S.C. § 2680(h)); see also American Insurance Co. v. United States, 62 Fed. Cl. 151, 158-59 (2004) (Allegra, J.) ("[t]o the extent that breaches of the claimed duties could be viewed as violation of an implied-in-law contract, jurisdiction in this court is also lacking").

## II. Lublin's Complaint Does Not Allege an Unambiguous Mutual Intent to Contract and Thus Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff Lublin asserts, citing Conley v. Gibson, 355 U.S. 41 (1957), that the Government's motion to dismiss under RCFC 12(b)(6) should not be granted unless it appears beyond doubt that Lublin can prove "no set of facts" in support of its claim which would entitle it to relief. Pl. Opp. at 4. The Supreme Court, however, recently rejected Lublin's view of Conley and, in so doing, agreed with " a good many judges and commentators [that] have balked at taking the literal terms of the Conley passage as a pleading standard." See Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955,1968-70 (2007) ("there is no need to pile up further citations to show that Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough"). Thus, in Twombly, the Court held that "a wholly conclusory statement of claim would [not] survive a motion to dismiss" simply "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." 127 S. Ct. at 1968-69 (discussing Conley, and concluding that it stands only for the proposition that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint").

In particular, the Court in Twombly found, in the antitrust context, that "a conclusory allegation of [an unlawful] agreement at some unidentified point does not supply facts adequate to show illegality." 127 S. Ct. at 1966 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possesses enough heft to 'sho[w] that the pleader is entitled to relief.'"). In short, the fatal defect was "not that the allegations in the complaint were insufficiently 'particular[ized],'" but rather "the complaint warranted dismissal because it failed

in toto to render plaintiffs' entitlement to relief plausible." Id. at 1973 n.14 (discussing Fed. R. Civ. Proc. 9).

We note that the Twombly standard discussed above is consistent with the pleading standard applied by this Court in De Archibold v. United States, 57 Fed. Cl. 29 (2003), and McAfee v. United States, 46 Fed. Cl. 428 (2000) – cases discussed in our motion to dismiss, but to which Lublin neglected to respond in its Opposition. See Def. Mot. at 7-8. For example, in McAafee, this Court held that "the burden falls on plaintiffs to allege facts sufficient to show that . . . [a] government agent [with] which plaintiffs had contact, had actual authority, either express or implied, to bind the United States in contract." 46 Fed. Cl. at 435. Indeed, in that case, this Court held that such allegations are insufficient and conclusory where "plaintiffs do not identify any individuals or the source of their authority" and that such "[c]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Id. at 437.[4]

In the instant case, Lublin's complaint not only fails to allege an unambiguous "mutual intent to contract," it also declines to make even the conclusory allegation that an agreement was reached with government personnel authorized to contract.[5] Thus, like the plaintiffs' complaint in Twombly, plaintiff Lublin's complaint in this case fails to state a claim upon which relief may

---

[4] See also Maher v. United States, 314 F.3d 600, 606 (Fed. Cir. 2002) (affirming grant of government's motion to dismiss and holding that, when alleging "an implied-in-fact contract with the government, the complaint must allege that the government's representative had the authority to enter into the alleged contract"); Ryan v. United States, 57 Fed. Cl. 731, 733 (2003) (dismissing complaint asserting implied-in-fact contract and explaining that "we cannot know if anyone acting for the United States did so with authority because plaintiffs have not alleged who such persons were or what they did").

[5] But see Pl. Opp. at 9 (making conclusory allegation that "government representatives . . . were authorized to both hold the meeting and make an agreement with plaintiff").

be granted and, "[b]ecause the plainitff[] here has not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." 127 S. Ct. at 1974.

## III. CONCLUSION

For all of the above reasons, we respectfully urge this Court to dismiss plaintiff Lublin's Complaint in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division, U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

June 5, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 5th day of June 2007, I caused to be filed electronically the foregoing DEFENDANT'S REPLY TO ITS MOTION TO DISMISS with the United States Court of Federal Claims. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON