# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LUBLIN CORPORATION, t/a CENTURY 21 ADVANTAGE GOLD
7104 Castor Avenue
Philadelphia, PA 19149

Plaintiff

vs.

UNITED STATES OF AMERICA

Defendant

No. 07-206C
(Judge Allegra)

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO R.C.F.C.15 (a)

Plaintiff, LUBLIN CORPORATION t/a CENTURY 21 ADVANTAGE GOLD, by and through its attorney, Gilbert and Thomson Law Office, respectfully moves this Court to grant its Motion for Leave to Amend its Complaint, and in support thereof avers as follows:

1. **FACTUAL BACKGROUND**

On March 29, 2007, plaintiff filed a Complaint against the United States of America. On or about April 19, 2007, defendant United States, pursuant to Rules 12(b)(1) and 12 (b)(6) of the Rules of the United States Court of Federal Claims, filed a Motion to Dismiss for lack of jurisdiction and for failure to state a claim. On or about May 21, 2007, plaintiff filed a response to defendant's Motion to Dismiss. On or about June 5, 2007, defendant filed a reply in support of its Motion to Dismiss. On or about August 7, 2007, oral argument was held in this case before the Honorable Francis M. Allegra. Pursuant to the discussions held at argument, defendants Motion to Dismiss

was denied as moot, and plaintiff was given until August 28, 2007 to file a Motion to Amend its Complaint.

## II. **ARGUMENT**

R.C.F.C. 15(a) states in part:

"A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The pertinent language of Rule 15(a) of the Federal Rules of Civil Procedure is identical to R.C.F.C. 15(a). The Courts have followed the spirit of the rule and have been liberal in allowing amendments under Rule 15(a). A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a). 3 James Wm. Moore et al., Moore's Federal Practice Section 15.14 [1] (3rd ed. 2000)] In Foman v. Davis, 371 U.S. 178 (1962), our Supreme Court strongly reaffirmed the mandate of Rule 15(a) that leave to amend shall be freely given when justice so requires recognizing the policy of the Federal Rules that the controversy shall be decided on the merits. The Forman Court held that determinations as to whether to allow amendments are left within the trial court's discretion, which should be exercised in favor of granting leave to amend except in unusual circumstances. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as an undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

A plaintiff that properly files an amended Complaint may include an additional cause of action arising out of the same transaction, Bamm, Inc. v. GAF, Corp. 651 F. 2nd 389 (5th Cir. 1981). The plaintiff may even change the claim from one based on contract to one for reformation or in equity or in tort, and may change the theory of recovery on the relief sought. Thompson v. Reedman, 201 F. Supp. 837 (E.D. Pa. 1961). The clearest cases for granting a Leave to Amend are correction of an insufficient claim and/or an amplification of previously alleged claims. Farias v. Bexar County, Bd. of Trustees for Mental Health Services, 925 F. 2nd 866 (5th Cir. 1991).

It became clear to plaintiff's counsel at oral argument before the Court on August 7, 2007, that some of the allegations set forth in the original Complaint caused some needless confusion with regard to the cause of action pled by plaintiff. In order to resolve ambiguities that may have existed in the original Complaint and to amplify the previous claims made, plaintiff hereby moves this Court to grant its Motion to Amend its Complaint. None of the reasons for denial are present in this case and if granted this would be the first amended Complaint to be filed by plaintiff. If said Motion is granted, plaintiff will file an amended Complaint in the form attached hereto.

## III. **CONCLUSION**

For all the above reasons plaintiff respectfully urges this Court to grant its Motion to Amend its Complaint.

August 27, 2007

Respectfully submitted,

WILLIAM F. THOMSON, JR., ESQUIRE
Attorney for Plaintiff Lublin Corporation
952 Trenton Road
Fairless Hills, Pennsylvania 19030
(215) 337-9300