**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Lublin Corp., t/a Century 21 Advantage Gold, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-206C |
| | ) | (Judge Allegra) |
| v. | ) | |
| | ) | |
| The United States, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY AND DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court for leave to file the below notice of supplemental authority addressing the Court's May 9, 2008 order that the parties "be prepared to discuss the meaning of the term 'procurement' within 41 U.S.C. § 602(a)(2)."

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Although 41 U.S.C. § 602 does not define the term "procurement," section 403 of that same title defines "procurement" to "include[] all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout." See 41 U.S.C. § 403(2); see also Labat-Anderson, Inc. v. United States, 50 Fed. Cl. 99 (2001) (noting that "Congress has defined the term ['procurement'] broadly in 41 U.S.C. § 403(2)"). Similarly, 10 U.S.C. § 2330(c) defines "procurement action" to include "[e]ntry into a contract or any other form of agreement."

The Armed Services Board of Contract Appeals has addressed the meaning of the term "procurement" as used within 41 U.S.C. § 602(a)(2) in at least two cases. In Hernandez, appellant sought damages for breach of a commissary agreement for grocery bagging services.

See 01-1 BCA ¶ 31,220, ASBCA No. 53011, 2000 WL 1844742 (Dec. 12, 2000). The Government moved to dismiss, arguing that the agreement was not a contract subject to the Contract Disputes Act ("CDA"). In particular, the Government argued "that the bagger is not paid by the commissary, and that the bagger agrees to perform services directly for commissary patrons on a voluntary, as asked, basis in exchange for tips." Id. The ASBCA rejected the Government's motion, and held that "the parties Agreement [constituted] a contract for the procurement of services." Id. In so holding, the ASBCA understood "'procurement,' within the terms of Section 602(a) of the CDA, to mean 'to get possession of, obtain [or] acquire.'" Id. (alteration in original) (quoting Webster's Third New Int'l Dictionary 1809 (1986)).

The ASBCA in Hernandez also relied on the definition of "procurement" in 41 U.S.C. § 403(2). Id. (noting that the term refers to "all stages of the process of acquiring property or services"). Finally, the ASBCA explained that "[i]t is insignificant that there is no obligation on the part of the Government to expend funds" in that "[t]he CDA is not limited to contracts that involve the expenditure of funds" and that "a payment is not the applicable test of whether a contract comes within the CDA." Id.; see also Gap Instrument Corp., 01-1 BCA ¶ 31,358, ASBCA No. 51658, 2001 WL 290386 (Mar. 22, 2001) (holding license agreement covered by the CDA and explaining that "the CDA applies to a contract which involve[s] the procurement of services" even where this is no "cash payment by the Government").

In Rapides Regional Medical Center v. Sec'y, Dep't of Veterans' Affairs, 974 F.2d 565 (5th Cir. 1992), the court explained that "there can be little doubt that the word procurement is widely understood, by lawyers and laymen alike, to denote the process by which the government pays money or confers other benefits in order to obtain goods and services from the private

sector." 974 F.2d at 573-74 (emphasis added) (noting that Black's Law Dictionary defines "procurement contract" as "'[a] government contract with a manufacturer or supplier of goods or machinery or services under the terms of which a sale or service is made to the government'"); see also NISH v. Rumsfeld, 348 F.3d 1263, 1272 (10th Cir. 2003) (holding that "[t]he definition of 'procurement' contained in 41 U.S.C. § 403 is sufficiently broad" to encompass "the authorization of vending facilities on federal property").

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick by s/ M. Hockey
MARK A. MELNICK
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

May 12, 2008

Attorneys for Defendant