# In The United States Court of Federal Claims

No. 07-206C

(Filed: May 28, 2009)
_____

LUBLIN CORPORATION, t/a CENTURY 21,
ADVANTAGE GOLD,

           Plaintiff,

  v.

THE UNITED STATES,

           Defendant.

_____

**PROTECTIVE ORDER**
_____

On May 27, 2009, defendant filed an unopposed motion for a protective order. The motion is hereby **GRANTED**.

The court finds that certain confidential information about defendant's Quality Management Review (QMR) process is likely to be disclosed during the course of this litigation and that entry of a protective order is necessary to safeguard the confidentiality of that information. Accordingly, consistent with the order proposed by defendant, the parties shall comply with the terms and conditions of this protective order.

    1.    The United States may designate as "Confidential" any document related to the QMR process, including, but not limited to, any QMR report; any documents, notes, or memoranda that were generated during the information-gathering process of a QMR; and any related documents, notes or memoranda that were generated subsequent to a QMR report. All such documents designated as "Confidential" shall be contained in folders marked "CONFIDENTIAL."

    2.    All confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 of this Order, unless and until the

restrictions herein are removed by Order of the Court. This paragraph shall not preclude counsel from showing confidential documents to his or her client solely for the purpose of providing advice and opinions to his or her client relating to the above-captioned action.

3. No confidential material shall be photocopied or in any way reproduced without consent of the defendant or by order of the Court.

4. Confidential material and the contents of such material may be disclosed only to the following individuals under the following conditions:

   a. Counsel for the parties;

   b. Secretarial, paralegal, and clerical support personnel of the foregoing;

   c. The Court and court personnel;

   d. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, or hearings, such as court reporters, litigation support personnel, and clerical employees;

   e. Any deponent may be shown or examined on any information or document designated confidential, if the witness authored or received a copy of it during his or her course of employment.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4, and only upon signing an acknowledgment that such individuals understand, and will adhere, to the terms of this Order. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual unless and until the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other parties that portions of the transcript are to be designated confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those

      described in Paragraph 4 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked, and limit disclosure of that transcript in accordance with Paragraphs 2, 3 and 4.

7. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as confidential under this Order.

8. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.

9. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of the Court or by written stipulation of the parties filed with the Court.

10. Upon final conclusion of this litigation, all materials marked "Confidential" shall be returned to the originating party.

**IT IS SO ORDERED.**

                                            s/ Francis M. Allegra
                                            Francis M. Allegra
                                            Judge