# In The United States Court of Federal Claims

No. 07-206C

(Filed: October 31, 2011)

———————

LUBLIN CORPORATION, t/a CENTURY 21,
ADVANTAGE GOLD,

                Plaintiff,

v.

THE UNITED STATES,

                Defendant.

———————

**ORDER**

———————

On Friday, October 14, 2011, the court conducted a pre-trial conference in this case. Participating in this conference were Mr. William F. Thompson, for plaintiff, and Ms. A. Bondurant Eley, for defendant. For the reasons discussed at this conference, the court hereby orders the following:

1. Trial in this case will commence at 9:30 a.m. (EST) on Wednesday, November 2, 2011, at the United States Court of Appeals for the Third Circuit, James A. Byrne United States Courthouse, 601 Market Street, Seitz Courtroom. Each subsequent day of trial will begin at 9:00 a.m. (EST), unless otherwise ordered.

2. Pursuant to 28 U.S.C. § 2503(b), all proceedings will be in accordance to the Rules of the Court of Federal Claims and the Federal Rules of Evidence. Parties should expect to object to and defend proffered evidence with reference to specific rules.

3. The parties shall each have twenty minutes for opening statements. Plaintiff will go first, then defendant.

4. Regarding exhibits:

    a. At the outset of trial, it is the court's intent to admit *en masse* any exhibits

        to which there are no objections.  At that time, the court will rule on any objections to exhibits that do not require live testimony.  Objections to exhibits that require live testimony will be considered at the appropriate time.  The parties shall consult with each other to avoid introducing duplicate exhibits.  The court will attach no significance to which party introduces a common exhibit.

    b.    At the beginning of trial, the parties shall supply <u>six</u> pre-marked copies of the exhibits they intend to offer in this case.  The exhibits shall be in binders, with tabbed dividers between each individual exhibit, and a cover reflecting which exhibits are in the binder.  Colored exhibit stickers shall be affixed only to the original copy of the exhibits (which will be provided to the reporter).  Defendant shall use blue stickers; plaintiff shall use any color other than blue.  The parties shall ensure that the pagination of individual exhibits is easily identifiable and that boxes suitable for mailing two copies of their exhibits are available at the trial location.

    c.    The parties shall avoid submitting to the court duplicate copies of exhibits and shall endeavor to assure that their exhibits are consecutively numbered, with no numbers omitted.  Parties shall also endeavor to ensure that all exhibits are legible.

    d.    The parties shall consider and resolve any issues regarding the authenticity of evidence in advance of trial.

5.    Regarding witnesses:

    a.    The parties shall coordinate regarding the order of witness presentations, particularly in the calling of common witnesses.  No significance will be attached to which party calls the common witness.  The goal is to have each witness appear only once, and for only a single day or trial.

    b.    Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

    c.    Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

    d.    Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (e.g., stipulated matters).

6.    The court may require post-trial briefing in this case.  The schedule for such briefing will be established at the conclusion of trial.

7. Closing argument will be held on a date to be established.

8. Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

                                                s/Francis M. Allegra
                                                Francis M. Allegra
                                                Judge